UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EMILIAN PASZKO and JEFFREY FOWLER, on behalf of themselves and all other similarly situated,<br><br>Plaintiffs,<br>v.<br><br>THOMAS TURCO, Commissioner of Massachusetts Department of Correction, in his official capacity, and MASSACHUSETTS PARTNERSHIP FOR CORRECTIONAL HEALTHCARE, INC.,<br><br>Defendants. | C.A. NO. 1:15-CV-12298-NMG |

## ANSWER OF DEFENDANT THOMAS TURCO
## TO FIRST AMENDED CLASS ACTION COMPLAINT

Defendant Commissioner Thomas Turco, in his official capacity as Commissioner of Massachusetts Department of Correction ("Commissioner Turco"), hereby responds to Plaintiffs' First Amended Class Action Complaint by corresponding numbered paragraphs and asserts the following affirmative defenses.

### INTRODUCTION

1. The allegations in the introductory paragraphs comprise a general overview of the legal claims set forth in the complaint. As such, the allegations state conclusions of law to which no response is required. To the extent that these allegations are deemed factual, they are denied.

### JURISDICTION AND VENUE

2. The allegations in Paragraph 2 state a legal conclusion that does not require a response. To the extent any response is required, they are denied.

3. The allegations in Paragraph 3 state a legal conclusion that does not require a response. To the extent any response is required, they are denied.

**PARTIES**

4. Commissioner Turco admits that Plaintiff Jeffrey Fowler is currently incarcerated at MCI-Shirley in Shirley, Massachusetts. Commissioner Turco admits that Mr. Fowler has Hepatitis C. As to the remaining allegations of paragraph 4, Commissioner Turco is without sufficient information to admit or deny the allegations set forth in this paragraph.

5. Commissioner Turco is without sufficient information to admit or deny the allegations set forth in this paragraph.

6. Commissioner Turco admits that Plaintiff Paul Whooten is currently incarcerated at Souza-Baranowski Correctional Center in Lancaster, Massachusetts. Commissioner Turco admits that Mr. Whooten has Hepatitis C. As to the remaining allegations of paragraph 6, Commissioner Turco is without sufficient information to admit or deny the allegations set forth in this paragraph.

7. Commissioner Turco is without sufficient information to admit or deny the allegations set forth in this paragraph.

8. Commissioner Turco admits that Plaintiff Michael Turner is currently incarcerated at NCCI-Gardner in Gardner, Massachusetts. Commissioner Turco admits that Mr. Turner has Hepatitis C. As to the remaining allegations of paragraph 8, Commissioner Turco is without sufficient information to admit or deny the allegations set forth in this paragraph.

9. Commissioner Turco is without sufficient information to admit or deny the allegations set forth in this paragraph.

10. Commissioner Turco admits that Plaintiff Michael Fitzpatrick is

currently incarcerated at MCI-Norfolk in Norfolk, Massachusetts. Commissioner Turco admits that Mr. Fitzpatrick has Hepatitis C. As to the remaining allegations of paragraph 10, Commissioner Turco is without sufficient information to admit or deny the allegations set forth in this paragraph.

11. Commissioner Turco is without sufficient information to admit or deny the allegations set forth in this paragraph.

12. Commissioner Turco admits that he is the Commissioner of the Massachusetts DOC. As to the remaining allegations in paragraph 12, they contain general statements and assertions of law to which no responsive pleading is required. To the extent this paragraph contains statements of facts, Commissioner Turco denies such allegations.

13. The allegations set forth in paragraph 13 are a statement of identity concerning a co-Defendant. Therefore, no response is required from Commissioner Turco.

## CLASS ACTION ALLEGATIONS

14. The allegations set forth in paragraph 14 state a conclusion of law to which no response is required.

15. The allegations set forth in paragraph 15 state a conclusion of law to which no response is required.

16. The allegations set forth in paragraph 16 state a conclusion of law to which no response is required.

17. The allegations set forth in paragraph 17 state a conclusion of law to which no response is required.

18. The allegations set forth in paragraph 18 state a conclusion of law to which no response is required. To the extent a response is required, Commissioner Turco denies the allegations.

19. The allegations set forth in paragraph 19 state a conclusion of law to which no response is required. To the extent a response is required, Commissioner Turco is without sufficient information to admit or deny the allegations.

20. The allegations set forth in paragraph 20 state a conclusion of law to which no response is required. To the extent a response is required, Commissioner Turco denies the allegations.

## FACTS
### Hepatitis C Defined

21. Commissioner Turco admits the allegations in paragraph 21.

22. Commissioner Turco admits the allegations in paragraph 22.

23. Commissioner Turco is without sufficient information to admit or deny the allegations set forth in paragraph 23.

24. Commissioner Turco admits the allegations in paragraph 24.

25. Commissioner Turco admits that Hepatitis C is transmitted by infected blood and is without sufficient information to admit or deny the remaining allegations set forth in this paragraph 25.

26. Commissioner Turco admits that number of reported cases of Hepatitis C nationwide understates its actual prevalence and is without sufficient information to admit or deny the remaining allegations set forth in this paragraph 26.

27. Commissioner Turco admits the allegations in paragraph 27.

28. Commissioner Turco is without sufficient information to admit or deny the allegations set forth in this paragraph.

### Hepatitis C in Prison

29. Commissioner Turco admits that the prevalence of Hepatitis C in prison is higher than in the general population and is without sufficient information to admit or deny

the remaining allegations set forth in this paragraph 29.

30. Commissioner Turco is without sufficient information to admit or deny the allegations set forth in this paragraph.

31. Commissioner Turco admits that over 1,500 patients in the custody of the Massachusetts Department of Correction are known to have Hepatitis C.  To the extent that "ten thousand prisoners" is intended to state the precise number of individuals currently in the custody of the Massachusetts Department of Correction, it is denied.

### History of Hepatitis C Treatment

32. Commissioner Turco admits the allegations in paragraph 32.

33. Commissioner Turco is without sufficient information to admit or deny the allegations in paragraph 33.

34. Commissioner Turco admits that combination therapy was marked by a long duration of treatment.  Commissioner Turco also admits that the medications had significant side effects. As to the remaining allegations in paragraph 34, Commissioner Turco is without sufficient information to admit or deny the allegations set forth in this paragraph.

35. Commissioner Turco states that the phrase "after 2001" in paragraph 35 is vague and therefore Commissioner Turco is unable to respond. To the extent any response is required, Commissioner Turco denies the allegations in this paragraph.

36. Commissioner Turco states that the phrase "better results" is vague and unclear and therefore Commissioner Turco is unable to respond. To the extent any response is required, Commissioner Turco lacks information sufficient to form a belief as to the truth of the allegations.

37. Commissioner Turco states that paragraph 37 is vague and unclear as the standard of care depended on many factors, including the circumstances of each individual patient. To the extent any response is required, Commissioner Turco denies the allegations

in this paragraph.

38. Commissioner Turco admits the allegations in paragraph 38.

39. Commissioner Turco admits that in 2013 and 2014, the FDA approved new antiviral medications and that these medications can now be taken as part of an Interferon-free regimen. Commissioner Turco denies that the duration of the regimen for these medications is 12 weeks for most patients, and affirmatively alleges that the duration of the regimen is 12-24 weeks. Commissioner Turco admits that the rate of sustained virologic response for these regimens is better than combination or triple therapy, but is without sufficient information to admit or deny whether that rate is over 90% including for nonresponders and relapsers. The remaining allegations in paragraph 35 consist of non-factual characterizations, to which Commissioner Turco is unable to respond. To the extent any response is required, the remaining allegations are denied.

40. Commissioner Turco admits the allegations in paragraph 40

41. Commissioner Turco denies the allegations in paragraph 41.

### History of Hepatitis C Treatment in the DOC

42. Commissioner Turco admits the allegations in paragraph 42.

43. Commissioner Turco admits that in or about 2002, the DOC and the healthcare contractor worked on a plan to address certain chronic care issues, which included Hepatitis C. Commissioner Turco is without sufficient information to admit or deny whether the Department of Public Health was consulted in the development of the plan.

44. The allegation is unclear as to what treatment protocol is referenced or the time period in question; therefore, Commissioner Turco is unable to respond. To the extent that a response is required, Commissioner Turco is without sufficient knowledge to admit or deny the allegations in paragraph 44.

45. The allegation is unclear as to the time period in question; therefore, Commissioner Turco is unable to respond. To the extent that a response is required, Commissioner Turco is without sufficient knowledge to admit or deny the allegations in paragraph 45.

46. The allegation is unclear as to the time period in question; therefore, Commissioner Turco is unable to respond. To the extent that a response is required, Commissioner Turco is without sufficient knowledge to admit or deny the allegations in paragraph 46.

47. The allegation is unclear as to the time period in question; therefore, Commissioner Turco is unable to respond. To the extent that a response is required, Commissioner Turco is without sufficient knowledge to admit or deny the allegations in paragraph 47.

48. The allegation is unclear as to the time period in question; therefore, Commissioner Turco is unable to respond. To the extent that a response is required, Commissioner Turco is without sufficient knowledge to admit or deny the allegations in paragraph 48.

49. Commissioner Turco admits that the University of Massachusetts Medical School, as the DOC's former healthcare contractor, had a chronic care program specialist but is without sufficient information to admit or deny the allegations in the first sentence of paragraph 49 more fully. Commissioner Turco is without sufficient information to admit or deny the remaining allegations set forth in this paragraph.

50. The allegation is unclear as to what treatment protocol is referenced or the time period in question; therefore, Commissioner Turco is unable to respond. To the extent that a response is required, Commissioner Turco is without sufficient knowledge to admit or deny the allegations in paragraph 50.

51. Commissioner Turco is without sufficient information to admit or deny whether the referenced group was styled as a "Task Force" or whether the group comprised representatives of the Department of Public Health. Commissioner Turco admits the remaining allegations in paragraph 51.

52. Commissioner Turco is without sufficient information to admit or deny the allegations set forth in this paragraph.

53. Commissioner Turco states that the phrase "sizable number of prisoners" is vague and unclear and Commissioner Turco is therefore unable to respond. To the extent any response to this phrase is required, Commissioner Turco denies the allegation. Commissioner Turco lacks information sufficient to form a belief as to the truth of the Plaintiffs' remaining assertions.

54. The allegation is unclear as to the time period in question; therefore, Commissioner Turco is unable to respond. To the extent that a response is required, Commissioner Turco is without sufficient knowledge to admit or deny the allegations in paragraph 54.

55. The allegation is unclear as to the time period in question and therefore Commissioner Turco is unable to respond. To the extent that a response is required, Commissioner Turco is without sufficient knowledge to admit or deny the allegations in paragraph 55.

56. The allegation is unclear as to the time period in question; therefore, Commissioner Turco is unable to respond. To the extent that a response is required, Commissioner Turco is without sufficient knowledge to admit or deny the allegations in paragraph 56.

57. The first sentence does not set forth whom the DOC is alleged to have advised and therefore, Commissioner Turco is unable to admit or deny the allegation. To the extent

a response is required, Commissioner Turco is without sufficient information to admit or deny the allegations set forth in this paragraph.

58. Commissioner Turco states that the document referenced in this paragraph speaks for itself and refers the Court to that document. Commissioner Turco admits that Request included the quoted language set forth in the second sentence of paragraph 58, but states that the referenced sentence reads, in full, "The Department is in the process of implementing a new Hepatitis C protocol to include treatment with Protease Inhibitors."

59. Commissioner Turco states that the phrases "a few" and "very few" are vague and unclear and Commissioner Turco is therefore unable to respond. To the extent any response is required, Commissioner Turco denies the allegations.

60. Commissioner Turco is without sufficient information to admit or deny the allegations set forth in this paragraph.

61. Commissioner Turco denies the allegations in this paragraph.

62. The allegation is vague as to the meaning of the phrase "cure rate" and, for purposes of this response, will construe "cure rate" to be an "undetectable viral load six months after completing treatment." Subject to this clarification, Commissioner Turco admits the allegations in paragraph 62.

63. Commissioner Turco is without sufficient information to admit or deny the allegations in paragraph 63.

64. Commissioner Turco is without sufficient information to admit or deny the allegations in paragraph 64.

65. Commissioner Turco is without sufficient information to admit or deny the allegations in paragraph 65.

66. The allegation does not set forth the context or provenance of the quoted language and therefore, Commissioner Turco is unable to respond. To the extent a response is required,

Commissioner Turco is without sufficient information to admit or deny the allegations in paragraph 66.

67. Commissioner Turco admits the allegations set forth in the first sentence of paragraph 67. The allegations in the second sentence are vague as to the meaning of the phrase "cure rate" and, for purposes of this response, will construe "cure rate" to be an "undetectable viral load six months after completing treatment." The allegations are also vague as to the meaning of the phrase "near-perfect" and therefore Commissioner Turco is unable to admit or deny the allegations in the second sentence. To the extent a response is required, Commissioner Turco is without sufficient information to admit or deny the allegations in the second sentence of paragraph 67.

68. Commissioner Turco is without sufficient information to admit or deny the allegations set forth in the first two sentences of paragraph 68. The remaining allegations in this paragraph are denied.

69. Commissioner Turco denies the allegations in paragraph 69.

**Conscious Disregard of Serious Needs by Delay and Denial**

70. The allegation is unclear as to the time period in question and vague as to the meaning of the terms "challenges," "long," "significant, "moderate," and "high-priced"; therefore, Commissioner Turco is unable to respond. To the extent that a response is required, Commissioner Turco is without sufficient knowledge to admit or deny the allegations in paragraph 70.

71. The allegation in the first sentence is vague as to the meaning of term "standard of care," specifically whether it constitutes a legal or factual assertion, and therefore Commissioner Turco is unable to respond. Commissioner Turco admits that Interferon-free HCV regimens generally have shorter treatment durations and higher rates at which patients maintain an undetectable viral load six months after completing treatment. The

allegation in the second sentence that interferon-free regimens "lack the worst side effects" is vague and, therefore, Commissioner Turco is unable to respond. Commissioner Turco denies the remaining allegations in paragraph 71.

    72. Commissioner Turco denies the allegations in paragraph 72.

    73. Commissioner Turco denies the allegations in paragraph 73.

    74. Commissioner Turco denies the allegations in paragraph 74.

    75. Commissioner Turco denies the allegations in paragraph 75.

    76. Commissioner Turco denies the allegations in paragraph 76.

    77. Commissioner Turco denies the allegations in paragraph 77.

    78. Commissioner Turco denies the allegations in paragraph 78.

    79. Commissioner Turco denies the allegations in paragraph 79.

    80. The allegation is vague as to the meaning of term "standard of care," specifically whether it constitutes a legal or factual assertion, and therefore Commissioner Turco is unable to respond. To the extent that a response is required, Commissioner Turco denies the allegations.

    81. Commissioner Turco denies the allegations in paragraph 81.

    82. Commissioner Turco denies the allegations in paragraph 82.

## **Risk of Serious Harm That Results**

    83. The allegations set forth in paragraph 83 state a conclusion of law to which no response is required. To the extent a response is required, Commissioner Turco admits that Hepatitis C can result in cirrhosis, and is without sufficient information to admit or deny the remaining allegations.

    84. The allegations set forth in paragraph 84 state a conclusion of law to which no response is required. To the extent a response is required, Commissioner Turco is without sufficient information to admit or deny the allegations.

    85. The allegations set forth in paragraph 85 state a conclusion of law to which no

response is required. To the extent a response is required, Commissioner Turco is without sufficient information to admit or deny the allegations.

## CLAIM FOR RELIEF

## CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

86. Commissioner Turco repeats his responses to Paragraphs 1 through 85 and incorporates them herein.

87. Paragraph 87 contains legal conclusions and does not require a response. To the extent any response is required, Commissioner Turco denies the allegations.

88. Paragraph 88 contains legal conclusions and does not require a response. To the extent any response is required, Commissioner Turco denies the allegations.

## PRAYER FOR RELIEF

89. Paragraph 89 contains legal conclusions and does not require a response. To the extent any response is required, Commissioner Turco denies the allegations.

Any allegation not expressly admitted or denied above is hereby denied.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Commissioner Turco demands a trial by jury on all claims so triable.

## AFFIRMATIVE DEFENSES

Further answering, Commissioner Turco asserts the following affirmative defenses:

I. The First Amended Class Action Complaint fails to state a claim against Commissioner Turco upon which relief can be granted.

II. Neither the Massachusetts Department of Correction, nor Commissioner Turco in

      his official capacity as its commissioner, violated the Eighth Amendment.

III.    Neither the Massachusetts Department of Correction, nor Commissioner Turco in his official capacity as its commissioner, was deliberately indifferent to the serious medical needs of the plaintiffs or the members of the class they seek to represent.

IV.    The Plaintiffs have failed to exhaust their administrative remedies as required by 42 U.S.C.§ 1997e(a) prior to commencing this action.

V.    This suit cannot be maintained as a class action because (1) common issues of law or fact do not predominate; (2) the defendants have not acted or refused to act on grounds generally applicable to the putative class; (3) the prosecution of separate actions does not risk inconsistent adjudications that would establish incompatible standards of conduct for the defendants, nor risk adjudications with respect to individual class members that would be dispositive of the interests of other members; (4) the putative class is not so numerous that joinder of class members is impracticable; (5) there are not questions of law or fact common to the class; (6) the claims of the class representatives are not typical of the putative class; and (7) the class representatives will not fairly and adequately protect the interests of the class.

VI.    To the extent plaintiffs' prayer for "other and further relief" seeks monetary relief, it is barred by the Eleventh Amendment, and Commissioner Turco is entitled to qualified and common law/good faith immunity.

VII.    Commissioner Turco reserves the right to assert additional affirmative defenses as they become known through further discovery or otherwise in this action.

Respectfully submitted,

DEFENDANT THOMAS TURCO,
As Commissioner of the Massachusetts Department of Correction, in his official capacity,

By his attorneys,

MAURA HEALEY
ATTORNEY GENERAL

*/s/* Carrie Benedon
Carrie Benedon, BBO # 625058
Janna Hansen, BBO # 662063
Thomas DiGangi, BBO # 648415
Assistant Attorneys General
Government Bureau
One Ashburton Place
Boston, MA 02108
(617) 963-2080 (Benedon)
(617) 963-2812 (Hansen)
(617) 963-2593 (DiGangi)
Carrie.Benedon@state.ma.us
Janna.Hansen@state.ma.us
Tom.DiGangi@state.ma.us

Dated:  August 12, 2016

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 12, 2016.

*/s/ Carrie Benedon*