UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JEFFREY FOWLER, PAUL WHOOTEN, MICHAEL
TURNER, and MICHAEL FITZPATRICK on behalf of
themselves and all others similarly situated,

    Plaintiffs,

v.

THOMAS TURCO,
Commissioner of Massachusetts Department
of Correction, in his official capacity, and
MASSACHUSETTS PARTNERSHIP FOR
CORRECTIONAL HEALTHCARE, INC.,

    Defendants.

C.A. NO. 1:15CV12298-NMG

## JOINT MOTION TO APPROVE SETTLEMENT

Plaintiffs and Defendant Thomas Turco, pursuant to Fed. R. Civ. P. 23(e), move this Court to approve the Settlement Agreement attached hereto, including the issuance of preliminary approval, approval of a notice to class members concerning the Agreement and an opportunity for them to comment, and the issuance of final approval after a hearing and finding that it is fair, reasonable, and adequate. In support of their motion, Plaintiffs and Defendant Turco state as follows:

1. Plaintiffs filed the Complaint in this case on June 10, 2015, challenging the adequacy of Hepatitis C treatment in the Massachusetts Department of Correction ("DOC"). Plaintiffs contend that the DOC and its contracted medical provider, Defendant Massachusetts Partnership for Correctional Healthcare, LLC ("MPCH"), were not treating prisoners with new,

highly effective direct acting antiviral ("DAA") medications, in violation of the Eighth Amendment to the United States Constitution. Defendants deny the allegations.

2. On July 25, 2016, this Court certified a Plaintiff class of all current and future DOC prisoners who have or will have Hepatitis C.

3. On February 9, 2018, the parties reported that they had reached agreement on the terms of a proposed settlement.

4. Under the terms of the Settlement Agreement (attached hereto at Exhibit 1), the DOC will arrange for its contracted medical provider - currently MPCH - to implement a new protocol to govern the testing, evaluation, and treatment of Hepatitis C. This new Clinical Guidance is attached to the Settlement Agreement (as Exhibit A thereto).

5. All class members will be assigned to a Priority Level (1 through 3), pursuant to agreed-upon criteria including the degree of liver fibrosis and the presence of certain other complications. Current Priority Level 1 patients will be treated with DAA medications within 12 months of preliminary approval. Current Priority Level 2 patients will be treated with DAA medications within 18 months of preliminary approval of the settlement.

6. During the 18 months after preliminary approval, prisoners entering DOC custody who are assigned to Priority Level 1 or 2, or those in custody who progress into one of those two levels, will be treated with DAA medications within 9 months (for Priority Level 1) or 12 months (for Priority Level 2).

7. After the 18-month period following preliminary approval, prisoners who are assigned to Priority Level 1 will be treated with DAA medications within 3 months, those

assigned to Priority Level 2a or 2b will be treated within 6 months, and those assigned to Priority Level 2c will be treated within 12 months.

8. The Settlement Agreement also calls for Priority Level 3 prisoners to receive updated lab tests every 6 months, to determine if their disease has progressed and whether they should be reassigned to Priority Level 1 or 2. New prisoners will be offered testing to determine whether they have Hepatitis C.

9. The Clinical Guidance incorporated into the Settlement Agreement also limits the circumstances in which a patient who otherwise qualifies for treatment may be denied treatment. For example, a patient who receives a disciplinary report is no longer disqualified from treatment.

10. Under the Settlement Agreement, the DOC will hire a third party to monitor the progress of MPCH (or any other medical provider with whom DOC contracts) in implementing the Clinical Guidance. The third party will conduct some ongoing reviews, as well as periodic chart reviews, and its findings will be shared with counsel for Plaintiffs.

11. The Settlement Agreement calls for written notice to be issued to class members, which the parties intend to provide by first-class mail to class members in DOC custody and by posting the notice in a common area in DOC facilities. The form of the notice is attached to the Settlement Agreement as Exhibit B thereto.

12. Plaintiffs and Defendant Turco are parties to the Settlement Agreement; the agreement calls for Plaintiffs to dismiss MPCH from this action once this Court issues final approval of the settlement.

13. Plaintiffs and Defendant Turco agree that this Court should retain jurisdiction over this action during the settlement term (30 months) and should be the sole forum for enforcement of the settlement's terms, as described in the Settlement Agreement.

14. Plaintiffs and Defendant Turco believe that this settlement is fair, reasonable, and adequate. It was reached after extensive arms-length negotiations between counsel, and it came after most document production had taken place and the parties had conducted preliminary expert work.

WHEREFORE, Plaintiffs and Defendant Turco respectfully request that this Court:

(1) Preliminarily approve the settlement, as set forth in the Settlement Agreement (Exhibit 1);

(2) Approve the proposed notice (Exhibit B to the Settlement Agreement), which will be posted and mailed immediately after preliminary approval, and a deadline of **April 19, 2018** for class members to submit comments about or objections to the proposed settlement;

(3) Schedule a fairness hearing for a date during the **week of April 23, 2018**; and

(4) Issue final approval of the settlement set forth in the Settlement Agreement and exhibits thereto.

Respectfully submitted,

PLAINTIFFS JEFFREY FOWLER, PAUL WHOOTEN, MICHAEL TURNER, AND MICHAEL FITZPATRICK on behalf of themselves and all others similarly situated, By their attorneys,

/s/ Joel H. Thompson
Jonathan Shapiro, BBO #454220
jshapiro@swglegal.com
David Kelston, BBO #267310
dkelston@swglegal.com
Shapiro Weissberg & Garin
90 Canal Street
Boston, MA 02114
(617) 742-5800, ext. 115

Joel H. Thompson, BBO #662164
jthompson@plsma.org
Prisoners' Legal Services
10 Winthrop Square, 3rd Flr.
Boston, MA 02110
(617) 482-2773, ext. 102

DEFENDANT THOMAS TURCO,
As Commissioner of the Massachusetts
Department of Correction, in his official
capacity,

By his Attorneys,

MAURA HEALEY
ATTORNEY GENERAL

/s/ Joel H. Thompson for Janna J. Hansen
Janna J. Hansen, BBO # 662063
Carrie Benedon, BBO # 625058
Assistant Attorneys General
Government Bureau
One Ashburton Place
Boston, MA 02108
(617) 963-2812 (Hansen)
(617) 963-2080 (Benedon)
Janna.Hansen@state.ma.us
Carrie.Benedon@state.ma.us

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 9, 2018.

*/s/ Joel H. Thompson*